UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARY LA BARBERA and THEODORE KING,
as Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282             **REPORT AND**
Job Training Trust Fund, and the Local 282 Vacation     **RECOMMENDATION**
and Sick Leave Trust Fund,
                                                        CV 04-2189 (DRH) (WDW)
                            Plaintiffs,

        -against-

ITALCO CONTRACTING, INC.,

                            Defendant,
------------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

  This matter was referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation with respect to damages. By order dated October 7, 2005, Judge Hurley entered a default judgment against defendant Italco Contracting, Inc. ("Italco"). Defendant did not respond to the motion for a default judgment. Pursuant to an order from the undersigned, plaintiffs Gary La Barbera and Theodore King, as Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds ("the Trustees") indicated that they would not submit supplemental papers in support of their damages demands. See DiPreta Letter, Docket Entry ("DE") #8. Accordingly, the court considered the damages claim based on those papers submitted in support of the motion for a default judgment. No opposition was received from Italco.

  Based on the evidence submitted, the court recommends that damages be awarded as follows: $33,578.58 in additional contributions, $3,769.28 in interest on those contributions, $6,715.72 in liquidated damages, and attorneys' fees and costs of $3,268.25, for a total award of **$47,331.83**.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence provide this basis. *Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

<u>Claim for Damages for Failure to Submit to an Audit</u>

The complaint alleges that defendant failed to submit to an audit, as requested by the Trustees, for the period from June 26, 2002 through June 30, 2003 (the "Audit Period"). DiPreta Decl. at ¶15; Compl. at ¶22. By the terms of the Trust Agreement, the employer is liable for an additional monthly contribution where it submitted remittance reports, but failed to permit an audit. Trust Agreement at Art. IX, § 1(f), annexed as Ex. B to DiPreta Decl. Since Italco submitted remittances for the entire Audit Period, but refused to submit to an audit, plaintiffs allege that Italco is liable for the additional amounts as calculated by the formula set forth in the Trust Agreement. In situations such as this, the Trust Agreement provides for additional

amounts calculated as 50% of the monthly amount on the remittance report times the current contribution rate. Mr. DiPreta, supported by the Trust Agreement and monthly remittance reports, estimated the amounts owed using this formula to be $33,578.58. DiPreta Decl. at ¶23. The court finds that plaintiffs have provided adequate support for the amounts owed by Italco, and recommends an award of $33,578.58 in additional contributions.

<u>Interest</u>

The plaintiffs have based their interest calculations on Article IX, § 3, of the Trust Agreement, which provides that interest shall be awarded "at the rate specified in Section 5-501 of the General Obligations Law of the State of New York." General Obligations Law section 5-501 provides, in pertinent part, that the "rate of interest . . . shall be six per centum per annum unless a different rate is prescribed in section fourteen-a of the banking law." Section fourteen-a of the Banking Law provides that the "maximum rate of interest provided for in section 5-501 of the general obligations law shall be sixteen per centum per annum." Putting these three provisions together, the plaintiffs claim that they are entitled to interest calculated at a rate of 16%, and that is the rate they have used in presenting their damages calculations to the court.

The issue of the applicable interest rate in cases such as this has received mixed treatment in this district. There are several cases in which the court applied the 16% rate. *See e.g., Bourgal v. Robco Contracting Enterprises, Ltd.,* CV 93-2664 (ADS)(VHP), Report and Recommendation (E.D.N.Y. Aug. 8, 1997), adopted Sept. 24, 1997; *Brown v. Sandimo Materials, Inc.,* CV 94-5869 (LDW)*, Findings of Fact and Conclusions of Law at 16 (E.D.N.Y. Feb. 2, 2000), *rev'd on other grounds,* 250 F.3d 120 (2d Cir. 2001). More recently, Judge Spatt determined the applicable rate to be 16%. *See La Barbera v. Midland Equipment Rental Corp.,*

CV 02-3183 (ADS), Memorandum of Decision and Order (E.D.N.Y. March 29, 2005); *La Barbera v. D.T.J. Trucking, Inc.,* CV 02-1689 (ADS), Memorandum of Decision and Order (E.D.N.Y. March 29, 2005).[1]

A strong argument has been made in favor of applying the 6% rate as well. In particular, this issue has been carefully and compellingly considered in *King v. JCS Enter.,* 288 F. Supp. 2d 287 (E.D.N.Y. 2003), in which District Judge Young, sitting by designation, concluded that a Trust Agreement provision, identical to the one at issue here in its reference to General Obligations Law § 501-1, required a 6% interest payment. *See also La Barbera v. Adco Service Corp.,* CV 02-5289 (SJ), 2005 WL 755758, *2 (E.D.N.Y. March 29, 2005) (adopting the rationale of *JCS* and finding applicable interest rate to be 6%); *La Barbera v. A. Morrison Trucking, Inc.,* No. CV 00-7218 (RLM), Findings of Fact and Conclusions of Law at 34-35 (E.D.N.Y. Mar. 8, 2004) (adopting the holding in *JCS* and applying the 6% rate). Significantly, District Judge Hurley has applied the 6% rate in adopting a Report and Recommendation which discussed this issue and recommended the lower rate. *See La Barbera v. Tile King, Inc.,* No. CV 04-0358 (DRH), Order (E.D.N.Y. Jan. 18, 2005), adopting Report and Recommendation (JO) (E.D.N.Y. Dec. 30, 2004)(noting that while plaintiffs sought the higher rate, "neither the law nor fairness requires such relief, which would constitute a windfall for the plaintiffs").

In light of Judge Hurley's order in the *Tile King* case awarding 6% interest, as well as the detailed discussion of this matter in the *JCS* decision, the undersigned recommends an award of interest calculated at 6%. Using the Interest Rate Chart provided by plaintiffs, see DiPreta Decl.

---

[1] In both cases, Judge Spatt did not adopt that portion of the undersigned's Report and Recommendation that recommended application of the 6% rate.

at Exh. F, and recalculating at 6% interest, plaintiffs are entitled to an interest award of $3,769.28.

Liquidated Damages

The Trust Agreement provides that plaintiffs are entitled to additional damages equal to the greater of the amount of interest charged on the unpaid contribution, or liquidated damages in the form of 20% of the unpaid contributions. Article IX, § 3 (d). In this case, the decision on what interest rate to apply impacts the amount of liquidated damages awarded to plaintiffs. In their papers, plaintiffs seek additional damages equal to the amount of interest charged, at 16%, because that results in a greater award. Using 6% as the appropriate interest rate, however, the greater amount would be liquidated damages in the form of 20% of the unpaid contributions. Having recommended the use of the 6% rate, the undersigned recommends an award of liquidated damages in the amount of 20% of the unpaid contributions, or $6,715.72.

Attorneys' Fees and Costs

Plaintiffs are also entitled to reasonable attorneys' fees pursuant to the Trust Agreement, Article IX, § 3(a), and statute, 29 U.S.C. §1132(g)(1). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983).

Plaintiffs' request for an award of attorneys' fees and costs is supported by the Trust Agreement and statute. A review of the billing records indicates that the time spent was reasonable and not excessive. Based on the declaration of Manlio DiPreta dated March 30, 2005 and the billing records submitted, the court finds that all relevant factors support an award of

attorneys' fees in the amount of $3,056.25 and costs in the amount of $212.00 for a total of $3,268.25.

## RECOMMENDATION

For all the reasons set forth above, the undersigned recommends that plaintiff be awarded a total of **$47,331.83**, broken down as follows:

**$33,578.58** in additional contributions;

**$3,769.28** in interest[2] pursuant to 29 U.S.C. § 1132(g)(2)(B) from June 26, 2002 through June 30, 2003, plus monthly interest until the date the judgment is entered;

**$6,715.72** as liquidated damages[3] pursuant to 29 U.S.C. § 1132(g)(2)(B); and

**$3,056.25 and $212.00** in attorneys' fees and costs, respectively.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to plaintiffs by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28

---

[2]Should Judge Hurley decide to apply the 16% interest rate, the award of interest would be $10,036.57.

[3]Should Judge Hurley decide to apply the 16% interest rate, the liquidated damages would be calculated at twice the interest award, or $20,073.14.

U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 24, 2006

/s/
William D. Wall
United States Magistrate Judge